UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OAKLAND, et al., <br><br> Defendants. | Case No. 18-cv-03020-JST (PR) <br><br> **ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, an inmate at Valley State Prison, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against the City of Oakland, the Oakland Police Department, and three of its employees. His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon certain defendants.

## DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.     Legal Claims

According to the complaint, on June 1, 2017, plaintiff was extradited from the Milwaukee County Jail in Wisconsin and taken into custody by the Oakland Police Department. The extradition was performed by defendant Oakland police detectives Herbert Webber and Yucel Tatlisu. At the time, plaintiff suffered from chronic urinary retention, i.e., enlarged prostate. Defendants Webber and Tatlisu failed to consult with medical staff at the Milwaukee County Jail to ascertain plaintiff's medical condition. During the transport, plaintiff experienced multiple episodes of benign prostatic hyperplasia and shock symptoms from oliguria. Plaintiff made numerous emotional pleas for emergency medical assistance, which defendants Webber and Tatlisu ignored. The transport involved a flight with layovers in Chicago and Los Angeles followed by a nonstop four-hour ride in a custody van, after which plaintiff was finally delivered to Oakland's Highland Hospital, where he received a Foley catheter and other emergency care. Plaintiff represents that defendants Webber and Tatlisu turned off their video and voice recording devices in order to conceal his obvious extreme pain and pleas for help during the transport.

2

When liberally construed, plaintiff's allegations are sufficient to state a cognizable claim against defendants Webber and Tatlisu for deliberate indifference to medical needs. Where the inmate-patient is a pretrial detainee rather than a convicted prisoner, his rights derive from the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). That is, deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. Although a deliberate indifference test applies to a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a prisoner's claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).

Plaintiff also names three other defendants: Oakland's Chief of Police Anne Kirkpatrick, the City of Oakland, and the Oakland Police Department. As to Chief Kirkpatrick, plaintiff simply alleges that she failed to "sufficiently supervise and control officers Webber and Tatlisu." ECF No. 1 at 5. Under no circumstances is there respondeat superior liability under Section 1983; or, in layman's terms, under no circumstances is there liability under Section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). Plaintiff has failed to provide factual allegations regarding Kirkpatrick's involvement in the deprivation of his constitutional rights that are sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. Plaintiff's claims against Kirkpatrick are therefore DISMISSED with leave to amend.

Similarly, the City of Oakland and the Oakland Police Department, both municipal entities,

also cannot be held liable on a respondeat superior theory, or on the theory that they are responsible for the actions of their employees. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (holding municipalities cannot be held liable under Section 1983 based upon respondeat superior theory). However, local governments, such as Oakland, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. Accordingly, the claims against the City of Oakland and the Oakland Police Department will be dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against Oakland's Chief of Police Anne Kirkpatrick, the City of Oakland, and the Oakland Police Department are DISMISSED with leave to amend. The amended complaint must be filed within **twenty-eight (28)** days of the date this order is filed and must include the caption and civil case number (18-3020 JST (PR)) used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Defendants not named in an amended complaint are no longer defendants. *See id.* Therefore, plaintiff must repeat his allegations against Webber and Tatlisu in the amended complaint if he files an amended complaint. Failure to file an amended complaint within the designated time and in compliance with this order will result in the Court proceeding only on the deliberate indifference claim against Webber and Tatlisu.

2. The Clerk shall issue summons and the United States Marshal shall serve, without

4

prepayment of fees, a copy of the complaint (ECF No. 1), and a copy of this order upon **Herbert Webber** and **Yucel Tatlisu** at the Oakland Police Department.

The Clerk shall also mail a courtesy copy of the complaint and this order to the City Attorney of the City of Oakland.

    3.    In order to expedite the resolution of this case, the Court orders as follows:

        a.    No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

        b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.    Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponents. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

6

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

10. The Clerk shall include a blank civil rights complaint form with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: September 10, 2018



_____
JON S. TIGAR
United States District Judge